IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MISSOURI PUBLIC ENTITY RISK MANAGEMENT FUND, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 05-4386-CV-C-NKL |
| v. | ) ) |
| INVESTORS INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Defendants. | ) |

ORDER

Pending before the Court is Defendant Investors Insurance Company of America's ("Investors") Motion for a More Definite Statement [Doc. # 6]. For the reasons set forth below, the Motion will be denied.

Plaintiff Missouri Public Entity Risk Management Fund ("MOPERM") furnishes liability insurance to various public entities in Missouri. MOPERM has contracted with Investors, a New Jersey Corporation, to reinsure MOPERM, its member agencies, and their officials against losses exceeding set per occurrence and annual aggregate limits. During the relevant coverage period, Investors has allegedly failed to indemnify MOPERM for claims made against MOPERM's members exceeding the annual aggregate limits. Consequently, MOPERM filed this declaratory judgment and damages

1

suit in Cole County Circuit Court in Cole County, Missouri, and was subsequently removed to this Court by Investors.

As MOPERM's Complaint does not specifically identify which claims Investors has failed to include for purposes of calculating the annual aggregate limits, Investors moves this Court to order MOPERM to make a more definite statement. Specifically, Investors claims that it cannot completely answer the Complaint until it knows which claims are involved because, under Missouri law, policy exemptions are affirmative defenses and are waived if not raised in the answer. See *Century Fire Sprinklers, Inc. v. CNA/Transp. Ins. Co.*, 87 S.W.3d 408, 412 (Mo. Ct. App. 2002). MOPERM responds that it cannot reasonably provide all the relevant underlying claims in its Complaint and that such information is better disclosed during discovery.

Under the liberal notice pleading standards of the Federal Rules of Civil Procedure, Plaintiffs need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Shurgard Storage Ctrs. v. Lipton-U. City, LLC*, 394 F.3d 1041, 1046 (8th Cir. 2005) (quoting Fed. R. Civ. P. 8(a)). In the present case, MOPERM has stated that "[a] dispute has arisen between MOPERM and [Investors] as to whether [Investors] has coverage for certain claims under the policy, which claims cannot be more specifically identified at this time." Compl. ¶ 7. It goes on to aver that Investors has denied certain claims without reason and that MOPERM has been damaged as a result. In its opposition to Investors' Motion for a More Definite Statement, MOPERM explains that its suit involves the aggregate limit policy: Investors insures MOPERM in

case the total of all the claims against its members exceeds the aggregate amount in the policy. This suit involves the amount by which the total of all claims paid by MOPERM exceeds the policy's aggregate limit. Since only covered claims count toward the aggregate limit, MOPERM would have to list every claim made against its members during the relevant years in order to satisfy Investors' request. The Court agrees with MOPERM that such information is better disclosed through discovery than through pleading.

Investors' chief concern is that if it must answer without the benefit of knowing which claim denials are at issue, it risks waiving an affirmative policy exemption defense. MOPERM counters that Investors can always amend its answer later if it becomes aware of a policy exemption that would give rise to an affirmative defense. Thus, MOPERM has implicitly represented to the Court that it will not challenge Investors' right to amend its answer to add such affirmative defenses if necessary at a later date. With that understanding, the Court denies Investors' Motion for a More Definite Statement.

Any amendment by Investors to add the affirmative policy exemption defense, must be made promptly after Investors receives discovery that supports the affirmative defense.

Accordingly, it is hereby

ORDERED that Defendant's Motion for a More Definite Statement [Doc. # 6] is DENIED.

s/ Nanette K. Laughrey
                                                             NANETTE K. LAUGHREY
                                                             United States District Judge

Dated: December 28, 2005
Jefferson City, Missouri